# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES EDWARD WALKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-0432-DGK-SSA |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff James Walker's application for supplemental security income under Title XVI of the Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of schizoaffective disorder, posttraumatic stress disorder, and alcohol and cannabis abuse, but retained the residual functional capacity ("RFC") to be employed as a laundry worker, kitchen helper, and industrial cleaner.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his latest application for benefits on April 14, 2016,[1] alleging a disability onset date of December 9, 2013. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on October 23, 2017, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 18, 2018, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

---

[1] The ALJ noted in his decision that Plaintiff reported that to a health provider that he had been denied disability on three prior occasions. R. at 97, 526.

**Discussion**

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred by failing to properly develop the medical evidence of record, and that the appeals council erred by failing to consider new evidence that was material to the decision.

In support of his first argument, Plaintiff notes he was unrepresented at the administrative hearing, but his caseworker testified that he had recently received psychiatric treatment as well as treatment for chest pains, and the last medical record the ALJ had before him was approximately fourteen months old. Given all this, the ALJ should have known that additional medical records existed that he did not have. By failing to attempt to obtain these records, the ALJ failed to fulfill his duty to fully and fairly develop the record.

It is well-settled that an ALJ has a "responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). But this duty is triggered only when a crucial issue is undeveloped and the evidence is insufficient to allow the ALJ to form an opinion. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). Ultimately, the claimant bears the burden of proving his or her disability.

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled.").

It is a close call whether the ALJ adequately developed the record. The Court does not have to resolve this question, however, because after the ALJ issued his decision, Plaintiff submitted voluminous new evidence to the Appeals Council. And once the Appeals Council has reviewed newly submitted evidence, a district court's review is limited to determining whether the ALJ's decision is supported by substantial evidence on the whole, including new evidence submitted after the decision was made. *Davidson v. Astrue,* 501 F.3d 987, 990 (8th Cir. 2007) ("Where, as here, the Appeals Council considers new evidence but denies review, we must determine whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence.").

After reviewing this evidence, the Court holds it does not change the outcome because it reinforces the ALJ's finding that Plaintiff's testimony concerning the severity of his symptoms was not consistent with the evidence in the record. R. at 93-98. The new evidence reiterates that Plaintiff received minimal and intermittent treatment; Plaintiff's symptoms would have improved if he were compliant with his doctors' instructions concerning treatment; Plaintiff's extensive activities of daily living belied that he was disabled; and Plaintiff's poor work history suggested he was not particularly interested in working.

For example, with respect to Plaintiff's mental impairments, the records show that while he was working from August to November of 2015, his examination findings and treatment were the same as they were during the period he alleges he was disabled. Dr. Khursheed Zia, M.D.'s examination findings were consistent both before, during, and after the relevant time period. R. at

4

76, 112-13, 117-18, 126-27, 133-34, 146, 509-10, 516-17. This suggests he was not disabled. *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) ("Thus, despite suffering from what she calls 'extreme fatigue,' [the claimant] continued working for over four years."). The records show little more than acute worsening of symptoms related to his drug use. Thus, substantial evidence on the record as a whole supports the ALJ's finding that Plaintiff's mental impairments were not disabling.

The same holds true for the evidence related to Plaintiff's hypertension and atrial fibrillation. Plaintiff argues the new evidence submitted to the Appeal Council showing his ongoing treatment for hypertension and for atrial fibrillation indicates it was a severe impairment. The records before the ALJ showed Plaintiff had been treated for hypertension with a single notation of irregular heart rate and a recommendation for further testing. R. at 506-07, 542. Although Plaintiff was later diagnosed with atrial fibrillation and treated with medication, many examination findings continued to report no cardiovascular abnormalities. R. at 130, 136-37, 208, 211, 273. Granted, the new evidence supports a diagnosis of atrial fibrillation, but it also indicates it was not a severe impairment because it would improve if he followed treatment recommendations. R. at 94. He did not. Doctors regularly observed Plaintiff was noncompliant with treatment recommendations. R. at 53, 129, 132, 185, 274. For example, during hospitalization after his gunshot wound, Plaintiff's atrial fibrillation was attributed to his medication nonadherence. R. at 248 (notation reporting "suspect that etiology is secondary to medical nonadherence").

Accordingly, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, including the new evidence submitted to the Appeals Council.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   April 16, 2019          /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT